OPINION
{¶ 1} On June 19, 1981, appellant, Philip Anderson, and appellee, Viola Anderson nka Allison, were married. Five children year born issue of the marriage. On October 26, 1994, appellee filed a complaint for divorce.
 {¶ 2} On November 1, 1995, the trial court entered a final decree of divorce. On April 13, 1998, the trial court ordered appellant to pay child support in the amount of $104.94 per month per child. The order was affirmed on appeal. Anderson v. Anderson (November 3, 1998), Holmes App. No. CA 11.
 {¶ 3} On September 18, 2000, appellant filed a request with the Holmes County Child Support Enforcement Agency (hereinafter "CSEA") to review his child support obligation. On November 20, 2000, CSEA's case manager recommended no change. An administrative mistake of fact hearing was held at appellant's request on December 5, 2000. By report dated December 19, 2000, the hearing officer found no mistake of fact.
 {¶ 4} On December 26, 2000, appellant filed an appeal with the Court of Common Pleas of Holmes County. A hearing was held on February 12, 2001. By journal entry filed February 13, 2001, the parties agreed to a settlement whereby appellant's child support obligation would be $68.75 per month per child, conditioned upon the fact that appellant would remain current on his obligation.
 {¶ 5} On April 8, 2002, CSEA filed a motion for contempt claiming appellant failed to abide by the February 13, 2001 journal entry. By judgment entry filed June 24, 2001, the trial court found appellant in contempt after appellant admitted his failure to pay his child support obligation.
 {¶ 6} On July 16, 2002, CSEA filed a motion to vacate the February 13, 2001 journal entry.[1] By judgment entry filed same date, the trial court granted the motion and ordered appellant to pay the original child support amount, $104.94 per month per child.
 {¶ 7} On or about August 13, 2002, appellant filed a non-time stamped motion for relief from judgment as to the July 16, 2002 judgment entry. By journal entry filed September 6, 2002, the trial court denied said motion.
 {¶ 8} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 9} "The Trial Court Erred In Granting Holmes County Child Support Enforcement Agency An Order To Vacate Judgment Of February 13, 2001 Without Any Notice Or Opportunity For Hearing Or Response From The Appellant And Therefore Is Void."
 II {¶ 10} "Vacation Of February 13, 2001 Judgment Was Erroneous Because Appellee Failed To Demonstrate Any Of The Grounds For Relief From Judgment Prescribed By Civ. R. 60(b) Of The Ohio Rules Of Civil Procedure."
 III {¶ 11} "The Trial Court Abused Its Discreation (sic) By Granting Hccsea's Motion To Vacate And Then Deneying (sic) Appellant's Motion For Relief."
 I, II, III {¶ 12} Although the three assignments of error challenge the trial court's July 16, 2002 judgment entry which vacated the February 13, 2001 journal entry, the actual judgment appealed from is the trial court's September 6, 2002 denial of appellant's motion for relief from judgment pursuant to Civ. R. 60(B). As a result, the assignments of error will be addressed collectively as they pertain to the trial court's September 6, 2002 journal entry.
 {¶ 13} Appellant claims the trial court erred in denying his request for relief from judgment. Appellant claims the trial court's July 16, 2002 judgment entry granting CSEA's July 16, 2002 motion to vacate the February 13, 2001 journal entry regarding child support was done without notice to him, appellee failed to establish any grounds for relief and the trial court abused its discretion in so ruling. Specifically, appellant claims the trial court's July 16, 2002 judgment entry establishing child support in the amount of $104.94 per month per child was improper and void.
 {¶ 14} In ruling on appellant's motion for relief, the trial court denied the motion "for the reasons stated in the CSEA memorandum of 8/19/2002 and for failure to show meritorious defense if relief granted." See, Journal Entry filed September 6, 2002. CSEA's August 19, 2002 memorandum cited appellant's acquiescence to the February 13, 2001 journal entry wherein appellant agreed to permit CSEA to apply for vacation of the journal entry in the event appellant did not pay his child support obligation per the journal entry. The memorandum argued the February 13, 2001 journal entry put appellant on notice that same could be vacated if appellant did not comply with the terms therein. Further, the memorandum argued the July 16, 2002 motion to vacate was subject to Civ. R. 60(B)(5) and therefore the one year filing limitation did not apply.
 {¶ 15} A motion for relief from judgment under Civ. R. 60(B) lies in the trial court's sound discretion. Griffey v. Rajan (1987),33 Ohio St.3d 75. In order to find an abuse of that discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217. In GTE Automatic Electric Inc. v. ARCIndustries, Inc. (1976), 47 Ohio St.2d 146, paragraph two of the syllabus, the Supreme Court of Ohio held the following:
 {¶ 16} "To prevail on a motion brought under Civ. R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ. R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ. R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken."
 {¶ 17} In order to properly address appellant's assignments of error, it is necessary to look at the subject journal entry filed February 13, 2001.
 {¶ 18} The journal entry states a hearing was held on February 12, 2001 regarding appellant's "appeal from Administrative Mistake of Fact Hearing filed on December 26, 2002." The trial court noted "the parties reached a settlement" and ordered the following:
 {¶ 19} "1. Defendant shall pay to Plaintiff child support for the minor children of the parties in the sum of $68.75 per child per month, together with the processing fee, to be paid through the Holmes County Child Support Enforcement Agency. In addition, Defendant shall pay $21 per month, plus processing fee, through the Holmes County Child Support Enforcement Agency upon his child support arrearage. These amounts are ordered effective December 26, 2000.
 {¶ 20} "2. The parties agreed to privately meet and review the child support obligation in six months and advise the Court if any modification was necessary.
 {¶ 21} "3. This agreement was expressly conditioned upon Defendant's full performance and payment of all child support as ordered herein. If Defendant fails to pay all child support as ordered herein, Plaintiff may apply for vacation of this order and reimposition of the child support obligation recommended by the Child Support Enforcement Agency. Defendant consented to this condition."
 {¶ 22} On July 16, 2002, the trial court vacated this journal entry and ordered appellant to pay the December 19, 2000 child support amount, $104.94 per month per child. Prior to the vacation of this journal entry, the trial court on June 24, 2001 found appellant in contempt of court for failure to obey the terms of the journal entry. Per the June 24, 2001 contempt finding, appellant admitted "he is in indirect civil contempt * * * relating to the payments of his child support" "[p]ursuant to the agreement of the parties."
 {¶ 23} Apart from the tortured procedural history of this case, we find the July 16, 2002 motion to vacate and subsequent judgment entry came out of the February 13, 2001 agreement. With the June 24, 2001 finding of contempt for failure to pay child support per the agreement, the language of the February 13, 2001 journal entry pertaining to vacation was implemented. We find this because the February 13, 2001 journal entry was an agreed downward deviation from CSEA's December 19, 2000 determination on child support and CSEA agreed to the lower amount, if and only if, appellant remained current on his child support obligation. Per his admission of indirect civil contempt for failure to pay his child support obligation, appellant in effect assented to the reimposition of the December 19, 2000 determination. CSEA's motion to vacate was not a request to vacate the February 13, 2001 journal entry but to enforce the journal entry based upon the trial court's finding of contempt on June 24, 2001.
 {¶ 24} Even if we were to regard CSEA's motion to vacate as a relief from judgment, the trial court was correct in finding appellant failed to show he would be meritorious on the merits. We find this because as stated supra, appellant admitted he was in contempt and failed to fulfill the requirements of the February 13, 2001 journal entry. Such failure would prompt an automatic return to the December 19, 2000 child support determination.
 {¶ 25} Based upon the foregoing, we find no error in imposing the agreed upon conditions. The trial court's July 16, 2002 judgment entry was not a true vacation of the February 13, 2001 journal entry but an implementation of said order. The trial court did not err in denying appellant's motion to vacate the July 16, 2002 judgment entry because such a request failed to meet the requirements of GTE Automatic.
 {¶ 26} Assignments of Error I, II and III are denied.
 {¶ 27} The judgment of the Court of Common Pleas of Holmes County, Ohio, Domestic Relations Division is hereby affirmed.
By Farmer, P.J. Wise, J. and Boggins, J. concur.
[1] We note CSEA filed a motion to vacate on June 27, 2002. This motion was identical to the July 16, 2002 motion except the July motion contained a paragraph regarding a possible hearing date.